# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JILL L. OTIS,

                    Plaintiff,

v.                                                          Case No. 20-CV-1711-JPS

MARIE FLOS,

                                                            **ORDER**

                    Defendant.

       This case comes before the Court on (1) Defendant Marie Flos's
("Flos") motion to dismiss under Federal Rules of Civil Procedure 12(b)(6)
and 12(c), ECF No. 27; (2) Plaintiff Jill Otis's ("Otis") motion to appoint
counsel, ECF No. 33; and (3) Flos's motion to extend the dispositive motion
deadline, ECF No. 31. The motion to dismiss is fully briefed. ECF Nos. 28,
34, 35. For the reasons stated herein, the Court denies Otis's motion to
appoint counsel without prejudice. The Court grants Flos's motion to
dismiss. The Court dismisses with prejudice Otis's Section 1983 Due
Process Clause and Equal Protection Clause claims to the extent brought on
her own behalf. The Court dismisses with prejudice Otis's Section 1983 Due
Process Clause claim to the extent brought on her minor son's behalf. The
Court dismisses without prejudice Otis's Section 1983 Equal Protection
Clause claim to the extent brought on her minor son's behalf.

       Because the dismissal of Otis's Section 1983 Equal Protection Clause
claim, to the extent brought on her minor son's behalf, is without prejudice,
the Court will allow Otis twenty-one (21) days to file a second amended
complaint in accordance with the terms of this Order. Further, because a
parent cannot represent her minor child in court pro se, if Otis adequately

pleads a Section 1983 Equal Protection Clause claim on behalf of her son in her second amended complaint, the Court will reconsider her motion to appoint counsel. The Court grants Flos's motion to extend the dispositive motion deadline and vacates the deadlines currently set in this case, which will be reset if the pleading deficiencies identified herein are resolved.

## 1.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides for the dismissal of complaints which, among other things, "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Twombly*, 550 U.S. at 555–56).

In turn, Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6).

## 2.     RELEVANT ALLEGATIONS

In her Amended Complaint,[1] Otis alleges that Flos,[2] a case manager with the Racine County Department of Human Services, unlawfully terminated her parental rights by taking her "African American son [K.W.] away from [her] after [she] was pulled over by Waterford Police." ECF No. 5 at 1. According to Otis, the Waterford Police "tryed [*sic*] to charge [her] with a OWI [but] the OWI got thrown out." *Id.* Nonetheless, her son was not returned to her for a period of five years; he was instead placed in numerous foster care homes throughout Wisconsin. *Id.* at 1, 5.

Otis contends that her son was harmed during his time in foster care. Specifically, Otis alleges that due to being away from her, her son "suffers all kinds of emotion[al] problems." *Id.* at 5. Otis states that "[her] son tells [her] about what happened to him [and it] is horrifying." *Id.* at 6. At one point, Otis's son was apparently sent to live with his father, where he suffered further "harm to [his] wellbeing as to emotion[al] and other matters," including "a real life threatening situation." *Id.* at 8.

In a second screening order, Magistrate Judge Dries screened Otis's Amended Complaint and determined that she states cognizable claims *on her own behalf* against Flos under 42 U.S.C. § 1983 for (1) deprivation of custody of her son in violation of the Due Process Clause of the Fourteenth Amendment and (2) intentional racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment. ECF No. 6 at 4–5. In his first screening order, Magistrate Judge Dries had cautioned Otis that,

---

[1] Otis amended her Complaint, ECF No. 1, following an initial screening order issued by Magistrate Judge Stephen C. Dries. ECF No. 4.

[2] Flos states in her motion to dismiss that she is properly named Marie Froh. ECF No. 28 at 1.

to the extent she seeks to sue for damages to her son rather than for her own injuries, she is not the real party in interest. ECF No. 4 at 4.

Flos attaches to her motion to dismiss excerpts from a deposition taken of Otis on March 26, 2019 in the matter of *Otis v. Demarasse*, 16-CV-285-WCG (E.D. Wis. Mar. 9, 2016). That suit appears to have involved separate civil rights claims surrounding Otis's stop by the Waterford Police. The excerpts show that Otis testified that her son was removed from her custody on September 17, 2014 and was not returned to her care until 2018. ECF No. 29 at 6 (50:25–51:6).

3. ANALYSIS

Flos moves to dismiss Otis's claims on the basis that they are barred by the statute of limitations. ECF No. 28.[3] The U.S. Supreme Court has held that, for purposes of federal civil rights actions, the statute of limitations is the state law statute of limitations applicable to "the tort action for the recovery of damages for personal injuries." *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). Where state law provides multiple statutes of limitations for personal injury actions, for purposes of Section 1983 claims, courts should "borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The Wisconsin Supreme Court and the Seventh Circuit have held that the statute of limitations set forth in Wisconsin Statute Section 893.53 applies to Section 1983 claims. *Hemberger v. Bitzer*, 574 N.W.2d 656, 660 (Wis. 1998); *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). Wisconsin Statute Section 893.53 currently reads:

> An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced

---

[3]Flos preserved the defense by raising it in her initial Answer and Affirmative Defenses. ECF No. 10 at 3.

> within 3 years after the cause of action accrues, except where
> a different period is expressly prescribed, or be barred.

Wis. Stat. Ann. § 893.53. Prior to April 2018, Section 893.53 provided a six-year statute of limitations. Wisconsin Assembly Bill Memo, 2017 Reg. Sess. A.B. 773. A Section 1983 claim accrues on "the date that the plaintiff knew or should have known that [her] constitutional rights had been violated." *Guyette v. Fields*, No. 21-CV-0791, 2021 WL 4133961, at *2 (E.D. Wis. Sept. 9, 2021) (quoting *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006)). Flos asserts that Otis knew her constitutional rights were allegedly violated on September 17, 2014, the date that she testified Flos took her son. Therefore, Flos argues, under either the old, six-year regime, or the new, three-year regime, Otis's lawsuit, filed November 13, 2020, is time-barred.

As an initial matter, the Court must determine whether it may consider the deposition transcript excerpts attached to the motion to dismiss, as the excerpts are not part of nor referenced in the pleadings. The Seventh Circuit teaches that "a district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Further, "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records" because they are sources "whose accuracy cannot reasonably be questioned." *Id.* at 1081 (quoting Fed. R. Evid. 201(b)). Not only is a deposition conducted under oath, but the transcript here is itself a public court record, as it was publicly docketed at ECF No. 58-1 in the matter of *Otis v. Demarasse*, 16-CV-285-WCG (E.D. Wis. Mar. 9, 2016). Thus, the transcript's accuracy cannot reasonably be questioned, and the Court will take judicial notice of it. Accordingly, the fact that Otis's son was taken from

her custody on September 17, 2014 "is not subject to reasonable dispute." *Gen. Elec. Cap. Corp.*, 128 F.3d at 1082. The Court further agrees that any Section 1983 claims brought on Otis's own behalf accrued on September 17, 2014, as that is the date she discovered her injury (in addition to the date of her injury itself).

Indeed, Otis does not dispute the date of discovery of her injury in her opposition brief; her argument is that "the statute of limitations has not run ou[t] in this case . . . . My son would like to tell his story of the things that happened to him between 2014 to 2018 when they finally decided to return him home safe to me." ECF No. 34 at 5. As Magistrate Judge Dries cautioned Otis, however, and as Flos argues, this statement alleges injuries that happened *to Otis's son* and not *directly to Otis*. As such, the Court finds that the Section 1983 claims relating to injuries that happened *directly to Otis*, which accrued on September 17, 2014, are time barred. These claims are dismissed with prejudice.

As Otis is proceeding pro se, however, the Court will not end its analysis here. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court construes Otis's claims as seeking relief for her own injuries as well as those of her son, as Magistrate Judge Dries also did in his first screening order. ECF No. 4. As Magistrate Judge Dries observed, however, Otis is not the real party in interest for any injuries inflicted upon her son; rather, her son is.

The Court has already stated that it will take judicial notice of public records filed in Otis's separate case, *Otis v. Demarasse*, 16-CV-285-WCG (E.D. Wis. Mar. 9, 2016). In that case, Otis pleaded that her son was born on November 28, 2002. *Otis v. Demarasse*, 16-CV-285-WCG (E.D. Wis. Mar. 9,

2016), ECF No. 33 at 2. Thus, Otis's son was 17 years old when she filed the instant lawsuit on November 13, 2020. However, "[w]hile a parent may sue on behalf of a child as a guardian, . . . a parent who is not an attorney cannot do so without counsel." *E.T. by Thames v. Milwaukee Police Dep't*, No. 20-CV-170-PP, 2021 WL 1610103, at *3 (E.D. Wis. Apr. 26, 2021). If Otis had filed her lawsuit with counsel, she may have proceeded as a next friend on behalf of her son for claims relating to injuries inflicted on him. The Court recognizes that Otis has filed two motions for counsel. The Court denied Otis's first motion to appoint counsel for her claims on the basis that Otis had not made any prior attempts to obtain counsel. ECF No. 13. The second motion for counsel lists the names and telephone numbers of several attorneys Otis contends declined to represent her. ECF No. 33.

The Court will not weed through the merits of the second motion to appoint counsel at this juncture, however, because from the face of the Amended Complaint, the Court is not persuaded that any Section 1983 claims on behalf of Otis's son are viable. As to any Due Process Clause claim for harm committed while away from Otis, as Magistrate Judge Dries observed and Flos argues, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." ECF No. 4 at 4 (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)).

*DeShaney* presents nearly identical facts to those here, except that there, the plaintiff's mother alleged affirmative knowledge on the part of the case workers that her child was being abused while in alternate care. 489 U.S. at 201. Nonetheless, the U.S. Supreme Court held that, "[w]hile the State may have been aware of the dangers that [the child] faced in the free world, it played no part in their creation, nor did it do anything to render

him any more vulnerable to them." *Id.* The Court is constrained to follow *DeShaney*, which advises that, in the absence of a Wisconsin statute creating a duty of protection by case workers, extending the Due Process Clause (which is meant to prevent affirmatively wrongful state acts) to create such a duty is improper. *See also, e.g., Disability Rts. Wis. v. Univ. of Wis. Hosp. & Clinics*, 859 N.W.2d 628 (Table), 2014 WL 6977890, at *8 (Wis. Ct. App. Dec. 11, 2014).

Thus, Otis fails to state a claim under Section 1983 on behalf of her son for injuries sustained while he was in foster case. Any further pleading amendment, in light of *DeShaney*, would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chic. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (leave to amend after granting a motion to dismiss should be denied if it is "certain from the face of the complaint that any amendment would be futile"). Accordingly, the Court dismisses with prejudice any Section 1983 Due Process Clause claims to the extent brought by Otis on behalf of her son.[4]

As to any Equal Protection Clause claim for racial discrimination on behalf of her son, Otis must plead that her son is a "member of a protected class, that he . . . is otherwise similarly situated to members of the unprotected class, and that he . . . was treated differently from members of the protected class." *Sims v. Mulcahy*, 902 F.2d 524, 538 (7th Cir. 1990). In

---

[4]Should Otis's son, who has now turned 18, seek to litigate these claims, neither the State nor State employees would be the correct defendants, nor would Section 1983 be the correct vehicle. Rather, the correct defendants appear to be Otis's son's foster caretakers. Because Otis's son is now 18, Otis would no longer be able to litigate these new claims on her son's behalf.

addition, Otis must demonstrate that Flos acted towards her son with racially "discriminatory intent." *Id.*

Magistrate Judge Dries found that Otis's Amended Complaint states a Section 1983 Equal Protection Claim on *Otis's own behalf* by alleging "intentional race discrimination" against *Otis* by way of Flos's decision to remove Otis's child from her care. ECF No. 6 at 6 (quoting ECF No. 5 at 4). The Court has already determined that claim is time-barred. As to a claim of racial discrimination by Flos against *Otis's son*, which Otis states was ongoing between 2014 and 2018, Otis alleges in her Amended Complaint only that her son is African American. ECF No. 5 at 1. This allegation satisfies the first element: that Otis's son is part of a protected class. However, Otis does not plead that her son is similarly situated to members of an unprotected class, was treated differently, or that Flos treated her son with racially discriminatory intent. In the interests of justice, the Court will give Otis twenty-one (21) days from the date of this Order to file a second amended complaint clarifying her Section 1983 Equal Protection Clause claim, to the extent brought *on behalf of her son*, in accordance with the terms of this Order. Alternatively, now that her son has turned 18, Otis's son may appear as the plaintiff in lieu of Otis as next friend.

Should Otis adequately plead a Section 1983 Equal Protection Claim on behalf of her son, the Court will reconsider Otis's motion to appoint counsel, given that she may not proceed pro se on her son's behalf. If counsel is appointed, such counsel would be appointed to represent Otis on behalf of her son as she filed the lawsuit while he was still a minor, as well as potentially on behalf of her son himself, who turned 18 during the

pendency of this lawsuit.[5] However, such a discussion is premature at this juncture given that Otis must satisfy the Court that a Section 1983 Equal Protection Clause claim on behalf of her son is viable.

**4.      CONCLUSION**

The Court denies Otis's motion to appoint counsel. ECF No. 33. The Court grants Flos's motion to dismiss. ECF No. 27. The Court grants Flos's motion to extend the dispositive motion deadline. ECF No. 31.

Accordingly,

**IT IS ORDERED** that Defendant Marie Flos's motion to dismiss, ECF No. 27, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Section 1983 Due Process Clause and Equal Protection Clause claims to the extent brought on Plaintiff Jill L. Otis's own behalf, as well as the Section 1983 Due Process Clause claim to the extent brought on Otis's son's behalf, ECF No. 5, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the Section 1983 Equal Protection Clause claim, to the extent brought on Otis's son's behalf, ECF No. 5, be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Otis is to file a second amended complaint within **twenty-one (21) days of the date of this Order** as to the Section 1983 Equal Protection Clause claim, to the extent brought on her son's behalf, in accordance with the terms of this Order;

**IT IS FURTHER ORDERED** that Otis's motion to appoint counsel, ECF No. 33, is **DENIED without prejudice**; and

---

[5] *See, e.g., Price v. D.C.*, 792 F.3d 112, 114 n.1 (D.C. Cir. 2015).

Case 2:20-cv-01711-JPS   Filed 06/07/22   Page 10 of 11   Document 36

pendency of this lawsuit.[5] However, such a discussion is premature at this juncture given that Otis must satisfy the Court that a Section 1983 Equal Protection Clause claim on behalf of her son is viable.

**4.      CONCLUSION**

The Court denies Otis's motion to appoint counsel. ECF No. 33. The Court grants Flos's motion to dismiss. ECF No. 27. The Court grants Flos's motion to extend the dispositive motion deadline. ECF No. 31.

Accordingly,

**IT IS ORDERED** that Defendant Marie Flos's motion to dismiss, ECF No. 27, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Section 1983 Due Process Clause and Equal Protection Clause claims to the extent brought on Plaintiff Jill L. Otis's own behalf, as well as the Section 1983 Due Process Clause claim to the extent brought on Otis's son's behalf, ECF No. 5, be and the same are hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that the Section 1983 Equal Protection Clause claim, to the extent brought on Otis's son's behalf, ECF No. 5, be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that Otis is to file a second amended complaint within **twenty-one (21) days of the date of this Order** as to the Section 1983 Equal Protection Clause claim, to the extent brought on her son's behalf, in accordance with the terms of this Order;

**IT IS FURTHER ORDERED** that Otis's motion to appoint counsel, ECF No. 33, is **DENIED without prejudice**; and

---

[5] *See, e.g., Price v. D.C.*, 792 F.3d 112, 114 n.1 (D.C. Cir. 2015).

Case 2:20-cv-01711-JPS   Filed 06/07/22   Page 10 of 11   Document 36

**IT IS FURTHER ORDERED** that Flos's motion to extend the dispositive motion deadline is **GRANTED** and the Clerk of Court is directed to **VACATE** any pending deadlines in this case.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2022.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge