UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JILL L. OTIS,<br><br>       Plaintiff,<br><br>v.<br><br>MARIE FROH a/k/a MARIE FLOS,<br><br>       Defendant. | Case No. 20-CV-1711-JPS<br><br>**ORDER** |

  Plaintiff brought this action on November 13, 2020. ECF No. 1. On December 1, 2020, Magistrate Judge Stephen C. Dries granted Plaintiff's request to proceed *in forma pauperis* and instructed her to file an amended complaint. ECF No. 4. Plaintiff filed her Amended Complaint on December 10, 2020, which Magistrate Judge Dries screened, and Defendant answered on January 27, 2021. ECF Nos. 5, 6, 10. Thereafter, the case was transferred to this branch of the Court. On June 29, 2021, the Court set a status conference for July 16, 2021 and mailed the notice of hearing to Plaintiff. Plaintiff did not appear for the July 16, 2021 status conference. ECF No. 16. At the status conference, the Court and Defendant stated that neither had any contact with Plaintiff, nor any means to contact her. *Id.* Accordingly, the Court dismissed the action without prejudice for lack of diligence on July 19, 2021. ECF No. 18. The next day, on July 20, 2021, Plaintiff filed a motion to reopen the case, which the Court granted. ECF Nos. 20, 24. The Court ordered that any dispositive motions be filed by May 10, 2022. ECF No. 26.

  On May 6, 2022, Defendant filed a motion to dismiss on statute of limitations grounds, which was fully briefed. ECF Nos. 27, 34, 35. The Court

granted the motion on June 7, 2022, finding that the Section 1983 Due Process Clause and Equal Protection Clause claims brought on Plaintiff's own behalf are barred by the statute of limitations. ECF No. 36. The Court dismissed those claims with prejudice. The Court also dismissed with prejudice any Section 1983 Due Process Clause claim to the extent brought on Plaintiff's then-minor son's behalf as barred by *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), which teaches that a Section 1983 claim against a state actor for private harm suffered while in foster care is not viable. *Id.* The Court dismissed any Section 1983 Equal Protection Clause claim to the extent brought on Plaintiff's then-minor son's behalf without prejudice and ordered Plaintiff to file a second amended complaint as to that claim by June 28, 2022. *Id.* As a parent may not proceed pro se as a next friend, the Court stated that should Plaintiff adequately plead the claim, it would reconsider her motion to appoint counsel and thus denied her motion to appoint counsel without prejudice. *Id.*

Separately, on June 13, 2022, Plaintiff filed an appeal to the Seventh Circuit of the Court's June 7, 2022 order. ECF No. 37. Plaintiff also filed a motion for leave to proceed *in forma pauperis* on appeal. ECF No. 39. On June 16, 2022, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. ECF No. 43. In that order, the Court "remind[ed] Plaintiff of her June 28, 2022 deadline to file a second amended complaint in line with the Court's June 7, 2022 order," and provided the additional instruction that "[t]hat deadline is still outstanding and is not affected by the instant appeal." *Id.* at 4.

The June 28, 2022 deadline has passed, and the Court has not received a second amended complaint from Plaintiff. In light of the deadline having passed, on July 1, 2022, Defendant filed a motion for entry

of final judgment. ECF No. 44. Thereafter, on July 7, 2022, in lieu of filing a second amended complaint as ordered by the Court, Plaintiff filed a renewed motion for counsel and a motion to transfer venue. ECF No. 46. In her motion, Plaintiff represents that she "would like to change [her] venue so that [her] case can be heard in a state that is not going to be bias [*sic*] but gives the right outcome of this Case." *Id.* at 2.

District courts may transfer venue under 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses, in the interest of justice." In a motion to transfer venue, "[t]he movant must establish that the proposed transferee forum is clearly more appropriate than the original." *J3 Eng'g Grp., LLC v. Mack Indus. of Kalamazoo, LLC*, 390 F. Supp. 3d 946, 955 (E.D. Wis. 2019). "[E]vidence of forum-shopping" may counsel against a transfer of venue. *Id.* at 952. Here, notwithstanding the fact that Plaintiff's appeal remains pending, though there are questions as to whether the Court's June 7, 2022 order was final and appealable,[1] the Court is constrained to deny the motion. All parties to this case are in the Eastern District of Wisconsin and are already "in a single, consolidated action." *Id.* at 956. Plaintiff's proffered reasons to transfer venue do not align with the factors courts are to consider under Section 1404(a), and, moreover, appear to be driven by a desire to forum shop for a different outcome. The Court will deny that part of Plaintiff's motion requesting to transfer venue, ECF No. 46.

---

[1] *See Otis v. Froh*, No. 22-2041 (7th Cir.), ECF No. 6; *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *but see Ruby v. Sec'y of United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction).

Page 3 of 4
Case 2:20-cv-01711-JPS   Filed 07/25/22   Page 3 of 4   Document 51

Further, because Plaintiff has not abided by the Court's order to file a second amended complaint by June 28, 2022, nor has she requested an extension of time to do so, the Court will grant Defendant's motion for entry of final judgment, ECF No. 44, and dismiss this action. In its June 7, 2022 order, the Court instructed Plaintiff that if she files a second amended complaint and adequately repleads the Section 1983 Equal Protection Clause claim to the extent brought on her then-minor son's behalf, the Court would reconsider her motion to appoint counsel. ECF No. 36 at 9. As stated, Plaintiff has not done so; therefore, the Court will also deny that portion of Plaintiff's motion that renews her request to appoint counsel, ECF No. 46.

Accordingly,

**IT IS ORDERED** that Plaintiff Jill Otis's motion to transfer venue and renewed motion to appoint counsel, ECF No. 46, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that, because Plaintiff Jill Otis did not file a second amended complaint within the time ordered by the Court, Defendant Marie Froh's motion for entry of final judgment, ECF No. 44, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge