# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JILL L. OTIS,<br><br>                Plaintiff,<br><br>v.<br><br>MARIE FROH a/k/a MARIE FLOS,<br><br>                Defendant. | Case No. 20-CV-1711-JPS<br>7th Cir. Case No. 22-2341<br><br>**ORDER** |

Plaintiff brought this action on November 13, 2020. ECF No. 1. On December 1, 2020, Magistrate Judge Stephen C. Dries granted Plaintiff's request to proceed *in forma pauperis* and instructed her to file an amended complaint. ECF No. 4. Plaintiff filed her Amended Complaint on December 10, 2020, which Magistrate Judge Dries screened, and Defendant answered on January 27, 2021. ECF Nos. 5, 6, 10. Thereafter, the case was transferred to this branch of the Court. On June 29, 2021, the Court set a status conference for July 16, 2021 and mailed the notice of hearing to Plaintiff. Plaintiff did not appear for the July 16, 2021 status conference. ECF No. 16. At the status conference, the Court and Defendant stated that neither had any contact with Plaintiff, nor any means to contact her. *Id.* Accordingly, the Court dismissed the action without prejudice for lack of diligence on July 19, 2021. ECF No. 18. The next day, on July 20, 2021, Plaintiff filed a motion to reopen the case, which the Court granted. ECF Nos. 20, 24. The Court ordered that any dispositive motions be filed by May 10, 2022. ECF No. 26.

On May 6, 2022, Defendant filed a motion to dismiss on statute of limitations grounds, which was fully briefed. ECF Nos. 27, 28, 34, 35. The Court granted the motion on June 7, 2022, finding that the Section 1983 Due Process Clause and Equal Protection Clause claims brought on Plaintiff's own behalf are barred by the statute of limitations. ECF No. 36. The Court dismissed those claims with prejudice. *Id.* The Court also dismissed with prejudice any Section 1983 Due Process Clause claim to the extent brought on Plaintiff's then-minor son's behalf as barred by *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), which teaches that a Section 1983 claim against a state actor for private harm suffered while in foster care is not viable. *Id.* The Court dismissed any Section 1983 Equal Protection Clause claim to the extent brought on Plaintiff's then-minor son's behalf without prejudice and ordered Plaintiff to file a second amended complaint as to that claim by June 28, 2022. *Id.* As a parent may not proceed pro se as a next friend, the Court stated that should Plaintiff adequately plead the claim, it would reconsider her motion to appoint counsel and thus denied her motion to appoint counsel without prejudice. *Id.*

Separately, on June 13, 2022, Plaintiff filed an appeal to the Seventh Circuit of the Court's June 7, 2022 order. ECF No. 37. Plaintiff also filed a motion for leave to proceed *in forma pauperis* on appeal. ECF No. 39. On June 16, 2022, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis* on appeal. ECF No. 43. In that order, the Court "remind[ed] Plaintiff of her June 28, 2022 deadline to file a second amended complaint in line with the Court's June 7, 2022 order," and provided the additional instruction that "[t]hat deadline is still outstanding and is not affected by the instant appeal." *Id.* at 4.

The June 28, 2022 deadline passed and the Court did not receive a second amended complaint from Plaintiff, or any filing that adequately repleads the Section 1983 Equal Protection Clause claim to the extent brought on her then-minor son's behalf. In light of the deadline having passed, on July 1, 2022, Defendant filed a motion for entry of final judgment. ECF No. 44. Thereafter, on July 7, 2022, in lieu of filing a second amended complaint as ordered by the Court, Plaintiff filed a renewed motion for counsel and a motion to transfer venue. ECF No. 46. In her motion, Plaintiff represents that she "would like to change [her] venue so that [her] case can be heard in a state that is not going to be bias [*sic*] but gives the right outcome of this Case." *Id.* at 2. On July 25, 2022, after observing that the Seventh Circuit had ordered briefing as to whether the Court's June 7, 2022 order was final and appealable, and that Plaintiff had neglected to file a second amended complaint as ordered by the Court, the Court granted Defendant's motion for entry of final judgment. ECF No. 51 at 3 & n.1. The Court further denied Plaintiff's motion to transfer venue. *Id.*

Thereafter, on July 29, 2022, Plaintiff filed a second notice of appeal–now as to the Court's July 25, 2022 order–and a second motion to proceed *in forma pauperis* on appeal. ECF Nos. 53, 55. Plaintiff also filed a motion to consolidate her two appellate actions. ECF No. 56. A plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the plaintiff takes the appeal in "good faith," the court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous.

*Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

In this case, Plaintiff's appeal is not taken in good faith, and therefore her motion to proceed *in forma pauperis* must be denied. In its order denying Plaintiff's first motion to proceed *in forma pauperis*, which accompanied her first notice of appeal, the Court found that the appeal was not taken in good faith because, *inter alia*, it sought to appeal claims that were either barred by the statute of limitations or not viable, as determined by the United States Supreme Court in *DeShaney*. ECF No. 43. Along the same lines, in its June 7, 2022 order, the only claim the Court denied without prejudice was the Section 1983 Equal Protection Clause claim to the extent brought on her then-minor son's behalf. ECF No. 36. Plaintiff's second notice of appeal does not list any grounds therefor and, consequently, the Court is unable to determine from that document alone whether the appeal is taken in good faith. ECF No. 53. In her motion to consolidate, Plaintiff merely reiterates the claims that the Court had dismissed based on the statute of limitations and *DeShaney*. ECF No. 56. Plaintiff does not point to any error of law or fact that she believes the Court made in dismissing her case as to the Section 1983 Equal Protection Clause claim to the extent brought on her then-minor son's behalf. Nor can she, as she did not replead that claim. No reasonable person could suppose that the instant appeal has merit without knowing the basis for the appeal.

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to Plaintiff regarding proceeding before the Seventh Circuit. Plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals grants her permission to do so. Plaintiff has 30 days from the date of this Order to

request that the Seventh Circuit review the Court's denial of her motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If Plaintiff requests review by the Seventh Circuit, she must include an affidavit and statement of issues she intends to present on appeal, pursuant to Fed. R. App. P. 24(a). She must also provide a copy of this Order, in addition to the notice of appeal she previously filed. If Plaintiff does not request review of this Order, the Seventh Circuit may choose not to address the Court's denial of Plaintiff's motion; instead, it may require Plaintiff to pay the full filing fee before it considers her case. Failure to pay a required fee may result in dismissal of the appeal.

The Court further denies Plaintiff's motion to consolidate, ECF No. 56. This Court does not have jurisdiction to consolidate cases pending before the Seventh Circuit. Fed. R. App. P. 3(b)(2) ("[A]ppeals may be joined or consolidated by the court of appeals.").

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for leave to appeal without prepayment of the filing fee, ECF No. 55, be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate her appellate cases, ECF No. 56, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 1st day of August, 2022.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge